HANSON v. THE CHICAGO, MILWAUKEE & ST. PAUL R'Y CO.

1. **Railroads:** ON CITY STREETS: COMPENSATION TO ABUTTING LOT OWNERS. Where, under the right granted by a city ordinance, the defendant had, prior to the taking effect of § 464 of the Code of 1873, surveyed, staked out, and located its railroad along the city street, but did not lay down its track thereon till after the taking effect of said section, *held* that it was properly restrained from operating its road along said street until it should compensate plaintiff, whose dwelling was situated thereon, for his damages, as provided in said section. *Mulholland v. D. M., A. & W. R'y Co.*, 60 Iowa, 740, followed.

*Appeal from Clinton Circuit Court.*

WEDNESDAY, OCTOBER 3.

ACTION in chancery to restrain defendant from operating its railroad built upon a street whereon plaintiff's dwelling is situated, until the injury sustained by him from the loca-

tion of the railroad be ascertained. The case was tried upon an agreed statement of facts, and the relief prayed for in the petition was granted by the decree of the court.

*E. Bailey*, for appellant.

*A. R. McCoy*, for appellee.

Beck, J.—I. There is no dispute as to the facts of the case, nor is any question raised as to the form of the action and relief sought, and the case is submitted for decision as to the rights of the parties as they may be found upon the facts agreed upon.

The railroad of the defendant was surveyed, "staked out," and located in 1872, along the street of the city of Clinton, whereon plaintiff's dwelling is situated, and in the same year the right to construct the road as located was granted by an ordinance of the city. The road was completed in that year to a point about six miles from the city, called Midland Junction, and the road-bed was constructed to a point near the city limits, but the ties and iron were not laid down upon this part of the road until 1880, when the road was fully completed from Midland Junction into the city of Clinton, and along the street whereon plaintiff's dwelling is situated. Prior to this, the cars of the railway corporation, to whose rights defendant has succeeded, were drawn over another railroad from Midland Junction into the city.

II. On the first day of September, 1873, Code, section 464, went into operation, providing that cities "shall have power to authorize or forbid the location and laying down of tracks for railways and street railways on all streets, alleys, and public places; but no railway track can thus be located and laid down until after the injury to the property abutting upon the streets, alleys, or public places upon which such railroad track is proposed to be located and laid down, has been ascertained and compensated, in the manner provided for taking private property for works of internal improvement, in Chapter 4, Title 10, of the Code of 1873."

Prior to this enactment, no statute provided for compensation to owners of property abutting upon streets whereon railroad tracks were laid down under authority of the cities.

The questions in the case are these: Are the provisions of the Code, section 464, as to compensation to the lot-owner, applicable to this case? Did defendant acquire the right to lay down its track under the statute or ordinance in force prior to the enactment of this section?

These precise questions have been determined by this court in a recent case. We held therein that Code, section 464, applied to a railroad located and partly constructed under an ordinance of a town, prior to the day the section went into operation. *Mulholland v. D. M., A. & W. R'y Co.*, 60 Iowa, 740. See also *Drady v. The D. M. & Ft. D. R'y Co.*, 57 Iowa, 393. The decision is decisive of the case before us. Following it, we order the judgment of the circuit court to be

AFFIRMED.